IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES EARVIN SANDERS, #1579328 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv324 |
| | § | CRIMINAL ACTION NO. 4:06cr291(1) |
| UNITED STATES OF AMERICA | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections.

Movant makes five objections.[1] Movant first objects to the Report's characterization of what happened to his legal documents while in his family's possession. Specifically, Movant objects to the Magistrate Judge's finding that Movant states the critical documents were destroyed, but later were found intact. *See* Dkt. 9 at 1. In his § 2255 motion, Movant states, "[t]he majority of those documents were damaged in a home flood and the rest were misplaced and not located until 2016." Dkt. 1 at 12. The Report does not misstate Movant's explanation.

Second, Movant objects to the Report's determination that Movant failed to allege an unconstitutional state action impeded his ability to file his § 2255 motion. *See* Dkt. 9 at 3. Movant alleges the United States Marshals Service took his paperwork while he was in transit, and that this

---

[1] Movant made eight objections, but the Court construes objections three and four to be one objection, as they both relate to the finding that Movant was not diligent in securing his documents. The Court additionally construes Movant's objections six, seven, and eight as one, as these objections relate to whether the Report and Recommendation was too "rigid." *See* Dkt. 9.

1

action impeded his ability to timely file his motion. *Id*. Movant further states this is contradictory to the AEDPA's one-year statute of limitations, in general, and that the action is inflexible, making it unconstitutional. *Id*. at 4. The Fifth Circuit notes:

> AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (four days late). *See also In re Lewis*, 484 F.3d 793 (5th Cir. 2007) (one day late). Movant has not alleged a constitutional violation, and he fails to show the Magistrate Judge's Report is erroneous.

Third, Movant objects to the Magistrate Judge's finding that Movant was not reasonably diligent by waiting approximately four years before obtaining his discovery paperwork from his attorney. *See* Dkt. 9 at 5. Movant also objects to the finding that he was not reasonably diligent by waiting approximately five years to secure the paperwork from his family. *Id*. at 6. Again, Movant fails to allege unconstitutional action by the state or an adversary. Movant essentially alleges his family did not sufficiently value the documents, and that his family was going through hardships of their own. *Id*. This is not an exceptional circumstance. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999) (a movant must present "rare and exceptional circumstances" to warrant equitable tolling).

Fourth, Movant objects to the Magistrate Judge's comment that Movant waited eight months after receiving his legal documents before filing his § 2255 motion. *See* Dkt. 9 at 7. Movant states that, during that time, he was only able to view three legal items a day at the prison law library, and

that this hampered his ability to file his § 2255 motion. *Id*. at 8. Movant did not allege insufficient access to the library prior to filing his objections. *See* Dkt. 1, 5. The Court will not consider a new allegation that was not raised in the § 2255 motion. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (Claims raised for the first time in a reply or objections need not be considered by the court.). Moreover, the allegation does not excuse Movant's lack of diligence over the entire one-year period in which he failed to file his motion.

Fifth, Movant alleges the Report is based on an interpretation of the law that is too rigid. *See* Dkt. 9 at 9-12. Specifically, Movant alleges the Report is too rigid in: (1) its definition of rare and extraordinary circumstances; (2) setting an outside limit of timeliness that does not exist within the AEDPA standard; and (3) determining Movant is not entitled to a certificate of appealability. *Id*. Movant's allegations are conclusory, and he fails to state a constitutional violation. Movant also fails to show extraordinary circumstances or that he was diligent in preparing his § 2255 motion.

After conducting a *de novo* review of the record, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 1st day of November, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE